UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. **4:12-CR-325 JAR** |
| NANCY CICERO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S MOTION IN LIMINE

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins and Reginald L. Harris, Assistant United States Attorneys for said District, and files this Motion in Limine to exclude evidence, argument or examination concerning the following:

    1.    <u>Sovereign Citizen Defense</u>

Based on defendant's filings, and statements in Court, it is anticipated that defendant will present a so-called "Sovereign Citizen" defense. Because there is no legal basis for such a defense, the Government requests that the Court exclude evidence, argument or examination related to such purported defense. The Government believes that defendant, acting *pro se*, intends to introduce purported evidence or argue that the U.S. Government declared bankruptcy in the 1930's, that the Government uses the birth certificates of U.S. citizens to secure its current debt, and that these supposed actions have converted all lawsuits brought by the U.S. Government (i.e., this criminal prosecution) to administrative proceedings involving the

1

corporation of the defendant, as opposed to the "living, breathing man" of the defendant.  See *United States v. Getzschman*, 81 Fed Appx. 619 (8th Cir. 2003) (description of this aspect of "common law" theory).  Defendant will argue that the listing of her name in capitals letters in the indictment indicates that a corporation is the defendant and that the person Nancy E. Cicero is not the defendant.  It is anticipated that defendant will assert that the United States is a corporate fiction and as such it cannot "come against a living, breathing man."   Defendant intends to argue that the Uniform Commercial Code is applicable to this matter.  Defendant's "defense" is frivolous and is not supported by the law.  Introduction of evidence, argument or examination on these claims should be excluded as irrelevant.  "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts."  *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999); *see also United States v. Schumaker*, No. 11-13616, 2012 WL 1886481 (11th Cir. May 24, 2012) (unpublished).  This Court has jurisdiction over defendant's prosecution and defendant's "Sovereign Citizen" defense is frivolous.

Defendant's anticipated claim that the indictment is invalid because her name is in capital letters has been rejected by numerous courts.  In denying a defendant's challenge, a district court stated, "He cites to no authority, and this Court can imagine none, in support of his claim that an indictment is subject to dismissal because the person named therein is named in all capital letters."  *United States v. Parra-Sotelo*, No. C-04-06, 2007 WL 895833, *6 (S.D. Tex March 27, 2007) (unpublished).   In *United States v. Rogers*, 16 Fed Appx. 38, 39, (2nd Cir. 2001), a court of appeals rejected a defendant's claim that the all-capital letters in the indictment created an insufficient charge.  The Court stated, "Instead, the use of all capital letters in the indictment

2

charging Graham is a purely formal typographical convention that does not affect any substantive rights." *Id., see also United States v. Furman*, 168 F. Supp.2d 609, 613 (E.D. La. 2001).

Defendant's "Sovereign Citizen" defense has no support in the law and is irrelevant to the charges of filing false claims and filings with the United States.

2.  Questions of Law to be determined by the Court and not the Jury

The Government moves the Court to exclude evidence, argument or examination related to the following as they are issues of law to be decided by the Court and not by the jury.  *See United States v. Fincher*, 538 F.3d 868, 871 (8th Cir. 2008) ("The role of the jury is to decide facts, not legal issues. *United States v. Peck*, 161 F.3d 1171, 1174 (8th Cir.1998). Accordingly, the district court did not err in prohibiting Fincher from arguing or presenting evidence regarding a question of law to the jury."):

a.  Defendant's anticipated claim that the Court lacks jurisdiction because she is not a citizen of the United States.  *See Schumaker*, 2012 WL 1886481, at *1 - *2;

b.  Defendant's anticipated claim that law enforcement officers, attorneys and the judges have violated their oaths of office;

c.  Defendant's anticipated claim that the indictment was defective;

d.  Defendant's anticipated claim of error involving the grand jury;

e.  Defendant's anticipated claim that she was not notified of grand jury proceedings;

f.  Defendant's anticipated claim that the United States cannot be a plaintiff

or bring a law suit against defendant, or charge defendant with a criminal violation of the United States Code;

g.    Defendant's anticipated claim that she is not subject to the United States Code;

h.    Defendant's anticipated claim that the United States Attorney and his assistants do not have standing to appear before the Court;

i.    Defendant's anticipated claim of double jeopardy;

j.    Defendant's anticipated claim that the charges are retaliatory. *See United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010) ("We agree that the selective prosecution of a criminal defendant is not an issue for the jury to decide. Rather, the district court should consider the matter before trial.");

k.    Defendant's anticipated claim that this Court does not exist;

l.    Defendant's anticipated claim that Title 18 of the United States Code was not properly enacted;

m.    Defendant's anticipated claim that Congress did not have authority to enact 18 U.S.C. § 514;

n.    Defendant's anticipated claim that Congress did not have authority to enact 18 U.S.C.  § 287;

o.    Assertions from defendant that she does not have access to counsel;

p.    Defendant's anticipated claim that the 11th Amendment grants her immunity; and

q.    Defendant's anticipated claim that the Court of Appeals has ruled that this

Court lacks jurisdiction.

3.      Defendant Should Not Argue Incorrect Interpretations of the Law

The courts have made it clear that a defendant should not be allowed to confuse the jury with incorrect interpretations of law, including the Constitution, the Internal Revenue Code, and Treasury regulations.  Based upon the actions and words of the defendant at previous court hearings, the government fully expects the defendant to raise these frivolous arguments again before the jury.

Federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts.  *See United States v. Drefke*, 707 F.2d 978 (8th Cir. 1993).  The law is neither introduced as evidence nor presented through witnesses at trial. *United States v. Garber*, 589 F.2d 843 (5th Cir. 1979).

The defendant's arguments must be limited to the facts presented during trial and the instructions given by the Court.  The defendant is permitted to argue that she lacked the prerequisite intent to commit the crimes with which she is charged, based upon a good faith misunderstanding of her duty under the law.  *See Cheek v. United States*, 498 U.S. 192, 202 (1991) (government required to rebut claim of good faith misunderstanding or ignorance of the law).  A disagreement with the law, however, is not a defense to the crimes alleged in the indictment.   The defendant is not permitted to blur the line between factual evidence about her state of mind and the actual law.  *See* Fed. R. Evid. 1039(c).  Moreover, if the defendant interjects into the proceedings with her disagreements with the law, the Supreme Court in *Cheek* indicated that it would be proper for the Court to issue an instruction to disregard them.  *Cheek* at 206.  A reading of the language of Cheek supports this following instruction:

A person's opinion or belief that the tax laws are invalid or violate his

6

> constitutional rights is not a defense to the crime charged in this case.
> Mere disagreement with the law does not constitute a good faith
> misunderstanding or the requirements of the law, because it is the duty
> of all persons to obey the law whether or not they agree with it.  Any
> evidence that you have heard to the contrary in this regard is irrelevant
> and should be ignored.

*See Cheek*, 498 U.S. 192, 202-206.  If the defendant has legal argument regarding the

interpretation of the Internal Revenue Code, she can present such argument to the Court in a trial

brief or through proposed jury instructions.  The Court can then determine the law and present it

to the jury after all evidence has been presented.

A.     Third Party "Reliance Materials"

The defendant likely will attempt to introduce third party materials.  Many of these

materials contain statements of the law and interpretations thereof.  The defendant's purpose in

presenting these documents is to instruct the jury on the law.  Third party materials are only

relevant for the purpose of rebutting evidence of intent.

The defendant may quote portions of third party materials, if such materials are relevant

to the issue of intent and are contemporaneous with the prosecution years.  See *United States v.*

*Gaumer*, 972 F.2d 723 (6th Cir. 1992) (opining that defendant should be permitted to read

relevant excerpts of reliance materials into the record).  However, it is not necessary for the

Court to allow publication of legal authorities to the jury or offer them into evidence to rebut the

government's evidence that she was willful.  Moreover, although a jury may consider any

evidence in determining whether the defendant truly believed that what she was doing was legal,

the court need not admit every piece of evidence the defendant offers.

B.     Testimony of Defendant

7

The defendant may choose to testify in her own defense.  As part of a Cheek defense, the defendant can testify, for example, that she honestly believed that she was entitled to file false claims with the United States.  The defendant may not, however, be permitted to issue legal opinions during her testimony, nor quote legal precedent to support her testimony.  "The problem with testimony containing a legal conclusion is in conveying the witnesses' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985).

### 5. Defendant Should Not Present Irrelevant Evidence

Under the Federal Rules of Evidence, the jury shall not be exposed to inadmissible evidence.  Fed. R. Evid. 103(c).  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Relevant evidence, moreover, is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The primary issue in this case will be the defendant's intent.  Thus, the relevance of most evidence will depend on how probative it is of the defendant's state of mind.  The defendant will likely argue that certain evidence is necessary to demonstrate that she held a good faith belief that she was entitled to a refund of taxes for the 2005, 2006, 2007 and 2008 years.  The defendant, however, is only permitted to introduce *factual* evidence upon which she relied upon during those years to form her opinions about tax laws.

Thus, evidence presented by the defendant in support of her interpretation of the law should be excluded, unless the defendant lays a proper foundation to reveal: 1) the evidence was seen prior to the defendant forming her view (as opposed to after the views were already

8

formed); 2) an explanation of how such evidence helped form her views in order to prove such information was relied upon by the defendant and was instrument in forming her views; and 3) the evidence is not self-serving hearsay which the defendant helped create in support of her already existing views. A document or conversation is not relevant to the defendant's states of mind unless she relied upon it in making her decision to file false tax returns. Moreover, such conversations and documents are only relevant if the defendant was exposed to them prior to the date she committed the crime. Furthermore, only the defendant can lay the proper foundation for the above-mentioned evidence, and she must do it by testifying in court.

A. <u>Testimony of Lay Witnesses</u>

The government anticipates that the defendant may wish to introduce testimony of two types of lay witnesses: those who knew the defendant personally, and those who share the defendant's view of the tax system. It is not permissible for witnesses of the first type to express their opinion as to what the defendant purportedly believed as this calls for speculation. The issue of whether the defendant truly believed, albeit mistakenly, that she was permitted to file false income taxes is an ultimate issue of fact, for the jury alone to decide. *See United States v. Hauert*, 40 F.3d 197, 202 (7th Cir. 1994) ("by nature of tax protestor case, defendant's beliefs about the propriety of his filings returns and paying taxes, which are closely related t the defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances not present here').

Witnesses of the second type should be precluded from testifying as to their own subjective beliefs regarding the basis permitting the filing of false claims to the United States as

9

this is irrelevant to the subjective beliefs of the defendant.  Only the defendant's subjective

beliefs are at issue.  Additionally, testimony of this type would breach into an area of legal

conclusion which should not be permitted. See *U.S. v. Ness*, 665 F.2d 248 (8th Cir. 1981)

("[w]here the lay witness opinion testimony proffered necessarily encompasses a legal

conclusion, the trial court may properly conclude that a response would not be helpful to the trier

of fact").

> 6.      Alternate Perpetrator

The Government moves the Court to exclude evidence, argument or examination related

the possibility of an alternate perpetrator.  The possibility of an alternate perpetrator is

inadmissible unless the defense can demonstrate a direct link between the suspect and the crime.

It is inadmissible if all defendant can do is rely on hearsay or cast bare suspicion on a third party.

*See United States v. DeNoyer*, 811 F.2d 436, 440 ( 8th Cir. 1987) (Evidence of alternate

perpetrator was properly excluded where the evidence was remote and speculative.).

> 7.      The Defendant Should Not Be Able to Introduce any Evidence

 The Government moves the Court or an order prohibiting the defendant from admitting

any evidence, including books, papers, documents, data, photographs, tangible objects, reports,

examinations, or tests. The defendant has not turned over any such evidence and, if the defendant

has such evidence, she is required to do so under Federal Rule of Criminal Procedure 16(b) and

the government has requested she do so. If the defendant has such evidence and has failed to

produce it by the time of trial, the government asks the Court to prohibit the defendant from

introducing the evidence. Fed. R. Crim. P. 16(d)(2)(c).

> 8.      Irrelevant Conduct of Case Agent is Not Proper for Cross Examination

The Government moves for an order prohibiting the defendant from improper cross-examination of an anticipated government witness. The government has discovered and will produce to the defendant that one of the case agent in this matter has a letter of reprimand in her file for being "unprofessional and disrespectful to management".  The circumstances surrounding this matter are totally unrelated to the present case. The court, in its discretion under Rule 608(b) of the Federal Rules of Evidence, should not allow cross examination of the government's witness relating to such remote, unrelated conduct because it is not probative of the witness's truthfulness and would be confusing to the jury. *See United States v. Alston*, 626 F.3d 397 (8th Cir. 2007); *Miller v. United States,* 135 F.3d 1254, 1256 (8th Cir. 1998).

      9.      <u>Government Moves to Exclude Witnesses other than the Case Agent</u>

The Government requests that any witnesses for the defense be excluded from the courtroom during opening statements and while other witnesses are testifying.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its Motion in Limine.

                    Respectfully submitted,

                    RICHARD G. CALLAHAN
                    United States Attorney

                    <u>s/ Dianna R. Collins</u>
                    DIANNA R. COLLINS, 59641
                    Assistant United States Attorney
                    111 S. 10th  Street, Room 20.333
                    St. Louis, Missouri  63102
                    (314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Nancy E. Cicero

and

Mr. Sean Vicente
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101

Furthermore, I certify that on April 30, 2013, the foregoing was mailed via first class mail to the following:

Nancy E. Cicero
212 Sugar Creek Ridge Drive
Kirkwood, MO 63122

                                        *s/ Dianna R. Collins*
                                        DIANNA R. COLLINS
                                        Assistant United States Attorney

13